```
     I388ZARC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                           18 Cr. 177 (JMF)

5    SHMUEL ZARZAR,

6                   Defendant.

7    ------------------------------x

8                                         March 8, 2018
                                          12:20 p.m.
9
     Before:
10
                         HON. JESSE M. FURMAN
11
                                          District Judge
12
                              APPEARANCES
13
     GEOFFREY S. BERMAN
14        Interim United States Attorney for the
          Southern District of New York
15   ELINOR L. TARLOW
          Assistant United States Attorney
16
     FEDERAL DEFENDERS OF NEW YORK
17        Attorneys for Defendant
     ANNALISA MIRON
18
```

I388ZARC

1           (Case called)
2           THE DEPUTY CLERK:  Counsel, please state your name for
3   the record.
4           MR. TARLOW:  Good afternoon, your Honor.  Elinor
5   Tarlow for the United States.
6           THE COURT:  Good afternoon.
7           MS. MIRON:  Good afternoon.  Federal Defenders, by
8   Annalisa Miron, on behalf of Mr. Zarzar.
9           THE COURT:  Good afternoon to you, Ms. Miron.
10          Good afternoon, Mr. Zarzar.
11          THE DEFENDANT:  Good afternoon.
12          THE COURT:  Mr. Zarzar, my name is Jesse Furman.  I am
13  a United States district judge here in the Southern District of
14  New York, and I have been assigned to your case, which means
15  that I would be the judge who would preside over trial, if and
16  when it would go to trial, and in the event you were convicted,
17  I would be the judge who would impose sentence upon you.
18          The purpose of today's proceeding is to arraign you on
19  the indictment and to set a schedule going forward.
20          Unless there is anything to discuss, counsel, I will
21  proceed directly to the arraignment.
22          He was not arraigned before the magistrate judge, is
23  that correct?
24          MR. TARLOW:  That is correct.
25          THE COURT:  Very good.

I388ZARC

1           So, Mr. Zarzar, I will ask you to please rise.
2           Have you seen a copy of the indictment?
3           THE DEFENDANT:  Yes, I have.
4           THE COURT:  Let me just confirm what the indictment
5   number is, 18 Cr. 177.  You have seen a copy of the indictment
6   charging you with one count of violating Title 18, United
7   States Code, Sections 2422 and Section 2, have you seen a copy
8   of that?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Have you discussed it with Ms. Miron?
11          THE DEFENDANT:  I have.
12          THE COURT:  Would you like me to read it out loud or
13  do you waive its public reading?
14          THE DEFENDANT:  I waive the public reading.
15          THE COURT:  How do you plead at this time, guilty or
16  not guilty?
17          THE DEFENDANT:  I plead not guilty.
18          THE COURT:  You may be seated.
19          Ms. Tarlow, I have read the complaint and the
20  indictment but, number one, can you tell me what the status of
21  the Speedy trial clock is at this time?
22          MR. TARLOW:  Yes, your Honor.  The defendant was
23  indicted on February 28, 2018.
24          THE COURT:  So today is the 8th.  So I guess 62 days
25  remaining?

I388ZARC

1       MR. TARLOW: Yes, your Honor.
2       THE COURT: Is there anything I should know by way of
3  background other than what I know from reading the complaint?
4       MR. TARLOW: No, your Honor.
5       THE COURT: Could you please tell me what the nature
6  and status of discovery is at this time.
7       MR. TARLOW: Yes, your Honor. We would ask for two
8  weeks for our initial production of discovery. We also have
9  several outstanding search warrants, and we will produce the
10 returns from those search warrants.
11      THE COURT: Can you just move the microphone a little
12 closer to you.
13      MR. TARLOW: We have several outstanding search
14 warrants, and we would produce the returns of those warrants on
15 a rolling basis, but we may not have the full scope of those
16 returns for another four to six weeks.
17      THE COURT: Can you tell me what you're searching,
18 that you're discussing?
19      MR. TARLOW: We received nondisclosure orders
20 associated with the search warrants. I have told counsel that
21 one of the search warrants dealt with phones that were seized
22 from the defendant at the time of his arrest.
23      THE COURT: OK. Other than those, can you give me a
24 little description of what discovery would involve.
25      MR. TARLOW: Yes, your Honor. We have the recorded

I388ZARC

1    interview of the defendant, after he was arrested and advised
2    of his Miranda rights, on February 1, 2018.  We have text
3    messages and chats that the defendant sent, both with the
4    victim and with the undercover agent who is assigned to this
5    case.  We also have pictures and voice messages that were sent
6    by the defendant to the victim and to the undercover agent.  We
7    have voice mails of the defendant.  We have several recordings
8    of the victim.  And we also have subpoena returns that we
9    received.  Finally, we have surveillance photographs of the
10   defendant.
11            THE COURT:  The post-arrest statement you said was
12   recorded, meaning by video or audio?
13            MR. TARLOW:  Audio.
14            THE COURT:  Very good.
15            To the extent that there is someone who would qualify
16   as a crime victim within the meaning of the Crime Victims'
17   Rights Act, is there a process in place to notify that person,
18   or his or her guardian, of his or her rights under the act?
19            MR. TARLOW:  Yes, your Honor.
20            THE COURT:  So we will set a deadline for the
21   production of discovery two weeks from today, with
22   understanding, obviously, as you get things thereafter that you
23   turn them over promptly.
24            Ms. Miron, you know the drill for my purposes.  My
25   question for you is how much time do you think you need to

1  prepare any motions that you would like to file?

2              MS. MIRON:  I would request three weeks.  At this
3  point, I am just contemplating a motion to suppress the
4  statement.  It's my understanding that Mr. Zarzar was
5  withdrawing from heroin at the time that he was interviewed, or
6  very intoxicated from heroin.  So there may be an issue as to
7  voluntariness of that statement.

8              I obviously don't know the details of the search
9  warrants, but I do reserve the option of reviewing those to see
10 if there are any additional motions.

11             THE COURT:  All right.

12             Ms. Tarlow, do you have a sense of when those returns
13 would come back?  There are two options.  One is to set a
14 deadline for filing of the motions after the return so that Ms.
15 Miron can file any motions that would encompass those.  The
16 second is to give her an opportunity after filing a number of
17 motions, if she gets stuff later, to file whatever new motions
18 she might have, but I would prefer to avoid piecemeal motion
19 practice.  So any sense of timing?

20             MR. TARLOW:  We expect that we would get the returns
21 and be able to produce those returns in the next four to six
22 weeks.

23             THE COURT:  Ms. Miron, what is your preference on that
24 score?

25             MS. MIRON:  Let's see.  Could we set a three-week

I388ZARC

1   deadline, three weeks following four to six weeks?
2           THE COURT: Sure. Why don't I set a deadline of April
3   27 for the filing of any defense motions, government's
4   opposition would be due by May 11, and any reply would be due
5   by May 18.
6           In addition, I will have you back here shortly after
7   any defense motion would be filed. You should be prepared to
8   address any motions that are filed, although in the normal
9   course I would proceed with full briefing, but on the theory
10  that we could at that point have a sense of what is coming down
11  the pike and either schedule a hearing or a trial, as the case
12  may be, and I will have you back shortly after the filing of
13  any motions. So let me give you a date for that.
14          I will have you back on Wednesday, May 2, at 4 p.m.
15          Again, if motions are filed, you should be prepared to
16  address them and, at a minimum, address whether you think a
17  hearing would be required. And whether motions are filed or
18  not, as you both probably know, my practice is to set a trial
19  date at the second pretrial conference, so you should confer
20  with one another and be prepared to tell me (a) how long a
21  trial is likely to be and (b) when you would want to have a
22  trial. Within reason, I will try to accommodate your desires
23  on that front, but with the understanding that when I set a
24  trial date, it is a firm date.
25          Anything else? Is there an application with respect

1  to the speedy trial clock?
2          MR. TARLOW:  Yes, your Honor.  We ask to exclude time
3  till May 2nd order to allow counsel to submit motions and
4  engage in further discussions.
5          THE COURT:  Ms. Miron, any objection?
6          MS. MIRON:  No, your Honor.
7          THE COURT:  I will exclude time under the Speedy Trial
8  Act between today and May 2, 2018.  I find that the interests
9  of justice served by excluding that time outweigh the interests
10 of the public and the defendant in a speedy trial, to allow the
11 government to complete discovery, and, more importantly, to
12 allow the defendant and counsel to review that discovery to
13 consider what motions they would like to bring and to prepare
14 those motions.
15         Anything else?
16         MR. TARLOW:  No, your Honor.
17         MS. MIRON:  No.  Thank you.
18         THE COURT:  In that case, we are adjourned.
19         I wish you all a very pleasant afternoon.  Thank you.
20         (Adjourned)