```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :        18-CR-177 (JMF)
              -v-                                       :
                                                        :     MEMORANDUM OPINION
SHMUEL ZARZAR,                                          :         AND ORDER
                                                        :
                    Defendant.                          :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Shmuel Zarzar moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release in light of the COVID-19 pandemic. *See* ECF No. 47. Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).

Upon review of the parties' submissions, the Court denies the motion, substantially for the reasons set forth in the Government's opposition. *See* ECF No. 51. As the Government concedes, there are extraordinary and compelling reasons for compassionate release. *See id.* at 6-7; *see also, e.g.*, *United States v. Pacheco*, No. 12-CR-408 (JMF), 2020 WL 4350257, at *1-2 (S.D.N.Y. July 29, 2020) (holding that the threat of COVID-19 to inmates in prison qualifies as an extraordinary and compelling reason for compassionate release). But, considering the Section 3553 factors, the Court concludes that compassionate release is unwarranted. For starters, Zarzar's crime — stalking, indeed preying upon, a vulnerable twelve-year old girl (and later an undercover posing as the girl) — was "vile and despicable." ECF No. 45, at 18. Moreover, as the Court noted at the time of sentencing, there is a "significant danger of relapse." *Id.* at 29. Indeed, a psychosexual evaluation

that Zarzar himself submitted in connection with sentencing stated that his primary attraction was to fourteen- to seventeen-year-old girls.  *See id.* at 29-30.

Those considerations, by themselves, would justify denying Zarzar's motion.  Just as the Court was unwilling at the time of sentencing to "take the chance" that Zarzar would re-offend, the Court is unwilling to take the chance today.  *Id.* at 30.  On top of that, the Court already imposed a sentence substantially below the Guidelines range of 108 to 135 months' imprisonment (and the Government accepted a plea to an offense carrying a lower mandatory minimum than the one Zarzar originally faced); there are apparently no positive cases in the part of the facility where Zarzar is detained; and he has served only about a third of his sentence.  Finally, given the sixty-month statutory mandatory minimum, granting compassionate release would be in tension, if not conflict, with Congress's intent and would risk creating an "unwarranted sentence disparit[y]" between the sentence imposed on Zarzar and the sentences imposed on other, similarly situated defendants who were sentenced in accordance with the statutory mandatory minimum.  18 U.S.C. § 3553(a)(6); *see United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) ("[T]he Court should be wary of using the motion to . . . introduce unprincipled variance into the execution of duly-imposed sentences . . . .").  That, in turn, "could undermine respect for law."  *Ebbers*, 432 F. Supp. 3d at 430 n.11; *see* 18 U.S.C. § 3553(a)(2), (b)(1) (providing that, in imposing a sentence, the court "shall consider," among other things, "the need for the sentence imposed . . . to promote respect for the law").

Accordingly, Zarzar's motion is DENIED.

SO ORDERED.

Dated: August 4, 2020
    New York, New York

_____
JESSE M. FURMAN
United States District Judge